**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chandler Grant,<br><br>              Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>              Defendants. | No. CV-21-00950-PHX-DWL (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE**:

      On June 1, 2021, with the assistance of counsel, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  On June 15, 2021, the Court ordered Plaintiff to complete service of the Summons and Complaint on all Defendants within 90 days of the filing of the Complaint or 60 days of the filing of the Court's Order, whichever is later (Doc. 3 at 1).  On September 16, 2021, the Court granted counsel's Motion to Withdraw as Counsel of Record (Doc. 5) and extended the time for service of process to October 29, 2021 (Doc. 6).  Plaintiff failed to file proof of service of process.

      On November 11, 2021, the Court ordered Plaintiff to either (i) file affidavits of service of process for all named Defendants or (ii) show cause why the Complaint should not be dismissed without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m) no later than November 16, 2021 (Doc. 7).  No response to the Court's Order (Doc. 7) has been filed, and the time to respond has passed.  The Court presumes the Plaintiff

received the Court's Order because it was not returned undeliverable.  The Court will recommend that all claims regarding all Defendants be dismissed without prejudice.

## I. DISCUSSION

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a twostep analysis in deciding whether or not to extend the prescribed time period for the service of a complaint."  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger*, *GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period.  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  *Id.*  The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad."  *Id*. at 513.  Yet "no court has ruled that the discretion is limitless.  In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added).

In this case, the Court gave the Plaintiff the opportunity to show good cause why Defendants should not be dismissed from the lawsuit for failure to timely serve.  The Plaintiff did not respond to the Court's Order.  Nor did the Plaintiff request additional time to serve Defendants.  It is not the Court's role to assist in obtaining Defendants' addresses.  *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants."); *Pliler v. Ford,* 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to pro se

litigants") (italics in original); *Barnes v. United States*, 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have). Dismissal without prejudice is appropriate under these circumstances. The undersigned recommends that the Court dismiss Plaintiff's Complaint as to all Defendants without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court dismiss without prejudice Plaintiff's Complaint (Doc. 1) for failure to serve Defendants pursuant to Fed. R. Civ. P. 4(m).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 2nd day of December, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge